THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TRIONFO SOLUTIONS DATA BREACH LITIGATION | Case No.: 1:24-CV-04547 |

**FINAL APPROVAL ORDER**

This matter came before the Court on May 21, 2025, for a Final Approval Hearing set pursuant to the Court's January 7, 2025, Preliminary Approval Order (ECF No. 31), and pursuant to the Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards. The Court carefully reviewed all of the filings related to the Settlement[1] and heard argument on the Motion For Final Approval.

After full consideration of the Motion for Final Approval, and supporting exhibits, and the presentations of the Parties, the Court concludes that this Settlement provides a favorable recovery for the Settlement Class and is an acceptable result under the circumstances and challenges presented by this Action. The Court specifically concludes that the Settlement is fair, reasonable, and adequate, and an acceptable compromise of the claims made in the Action. The Settlement complies with Federal Rule of Civil Procedure 23(e). Therefore, the Court grants Final Approval of the Settlement and certifies the Settlement Class.

The Court now makes the findings of fact and conclusions of law set forth in this Final Approval Order granting the Motion, and **HEREBY ORDERS AND ADJUDGES THAT**:

1. This Court has jurisdiction over the subject matter of the Action and personal jurisdiction over all parties to the Action, including all Settlement Class Members.

---

[1] The defined terms herein shall have the same meanings as those defined in Section III of the Settlement Agreement (ECF No. 27-1).

2. This Court hereby approves the Settlement and finds that it is, in all respects, fair, reasonable, and adequate, and in compliance with all applicable requirements of Federal Rule of Civil Procedure 23 and the United States Constitution (including the Due Process Clause), and all other applicable law, including the factors set forth in *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014). Following the completion of the Notice Program, there have been no objections to the Settlement and no opt-outs, a clear indication that the Settlement Class supports the Settlement. As the Settlement is in the best interests of the Parties and the Settlement Class, the Court directs the Parties and their counsel to implement and consummate the Settlement in accordance with the terms and conditions of the Agreement.

3. Pursuant to Federal Rule of Civil Procedure 23, the Settlement Class consists of "all persons in the United States whose Private Information was compromised as a result of the Data Incident and who were sent notice of the Data Incident." Excluded from the Settlement Class are (a) all persons who are governing board members of the Defendant; (b) governmental entities; and (c) the Court, the Court's immediate family, and Court staff.

4. As such, the Court finds, for settlement purposes only, that: (a) the Settlement Class as defined is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class; (e) Plaintiffs allege that Defendant has acted on grounds that apply generally to the Settlement Class; (f) the questions of law or fact common to the Settlement Class predominate over the questions affecting individual Settlement Class Members; and (g) certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of the controversy.

5. The Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice and said Notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, including the requirements of Due Process.

6. There are no objections to the Settlement and there are no Settlement Class Members who requested to opt-out of the Settlement through the opt-out process approved by this Court.

7. The Court hereby dismisses this Action on the merits and with prejudice as though after trial and a final adjudication of the facts and the law as to all Settlement Class Members' Released Claims.

8. In exchange for the benefits conferred by the Settlement, the Settlement Class will be deemed to have released the Released Parties from the Released Claims. The Settlement Class is barred and enjoined from asserting any of the Released Claims at any time and in any jurisdiction, including during any appeal from this Final Approval Order. Further, the Settlement Class is barred and enjoined from pursuing any Released Claims against Released Parties at any time and in any jurisdiction, including during any appeal from this Final Approval Order.

9. All Settlement Class Members who have not opted-out of the Settlement shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable to the Settlement Class Member. All Settlement Class Members shall be barred and enjoined from (a) further litigation in this case and (b) filing or taking any action directly or indirectly to commence, prosecute, pursue, or participate on any individual or class or collective action basis any action, claim, or proceeding against Defendant in any forum in which any of the claims released in this

Agreement are asserted or which in any way would prevent any such claims from being extinguished.

10. The appointment of Plaintiffs, Christina Killian and Alissa Neufeld, as Class Representatives is affirmed

11. The appointment of Jeff Ostrow of Kopelowitz Ostrow P.A., Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, and Jason Rathod of Migliaccio & Rathod LLP, as Class Counsel is affirmed.

12. The Court reaffirms Kroll Settlement Administration LLC as the Settlement Administrator.

13. The Court, having considered the materials submitted by Class Counsel in support of Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards, finds the request appropriate and reasonable for the following reasons. First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated at arm's-length without collusion, and that the negotiation of attorneys' fees only followed agreement on the Settlement benefits for the Settlement Class. Finally, the Court notes that the Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award in the amount sought. Therefore, the Court approves payment of attorneys' fees of $333,666.66 and costs of $13,178.72 to Class Counsel. This amount shall be paid from the Settlement Fund in accordance with the terms of the Agreement.

14. The Court also approves the request for Service Awards in the amount of $2,500.00 for each of the Class Representatives, and specifically finds such amount to be reasonable in light of the services performed by Plaintiffs for the Settlement Class, including taking on the risks of

litigation and helping achieve the results to be made available to the Settlement Class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Agreement.

15. Neither this Final Approval Order, the Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendants or any of the other Released Persons of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims as set forth in the Agreement. This Final Approval Order is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Defendants or any of the other Released Parties. The Final Approval of the Settlement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiffs, the Settlement Class Members, or Defendants.

16. In the event the Settlement does not become effective in accordance with its terms, then the judgment contemplated herein shall be rendered null and void and be vacated and the Agreement and all orders entered in connection therewith shall be rendered null and void; the Settlement Class shall be decertified; all of Defendants' obligations under the Settlement shall cease to be of any force and effect; the amounts in the Settlement Fund shall be returned to Defendants; and Plaintiffs' Complaint shall be reinstated as it existed prior to entering into the Settlement. In that case, all communications, documents, filings, negotiations, and other actions taken by the Parties to negotiate and pursue a settlement through the Agreement shall be considered confidential settlement communications which cannot be used in evidence by any party against another party.

17. Without affecting the finality of the Final Approval Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) this Action

until the judgment contemplated herein has becomes effective and each and every act agreed to be performed by the Parties has been performed; (c) the Parties to the Agreement, including Defendants, Plaintiffs, all Settlement Class Members, to administer, supervise, construe, and enforce the Settlement in accordance with its terms; and (d) the enforcement of the Court's injunctions.

18. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Fed. R. Civ. P. 58.

SO ORDERED this 23rd day of May, 2025.

_____
HONORABLE MARY M. ROWLAND
UNITED STATES DISTRICT JUDGE